UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:
Fernando Arias-Mendoza

CASE NO.: 6:19-bk-06040-KSJ
Chapter 13

Debtor(s).

---

## CHAPTER 13 PLAN

### A.    NOTICES.

**Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included ☐ | Not Included ☐ X |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included ☐ | Not Included ☐ X |
| Nonstandard provisions, set out in Section E. | Included ☐ | Not Included ☐ X |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION C.5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION C.5(j), TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION C.5(k), OR IF PAYMENTS TO A SECURED CREDITOR ARE NOT SPECIFICALLY INCLUDED IN THE PLAN PAYMENTS, THE AUTOMATIC STAY DOES NOT APPLY AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.

B.    **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of __60__ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$_7,000_ from month ___1_____ through ____35____.
$__9,067__ from month ____36____ through ____60____.
$_____ from month _____ through _____.

C.    **PROPOSED DISTRIBUTIONS.**

1.    **ADMINISTRATIVE ATTORNEY'S FEES.**

Base Fee $___4,500__ Total Paid Prepetition $___1,657___ Balance Due $_2,843__

MMM Fee $____0_____ Total Paid Prepetition $____0____ Balance Due $____0__

Estimated Monitoring Fee at $ _50_ per Month.

Attorney's Fees Payable Through Plan at $__485.90_months 1-5, $__413.50_month 6 Monthly (subject to adjustment).

2.    **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

| Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| NONE | | |
| | | |

3.    **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last Four Digits of Acct. No. | Creditor | Total Claim Amount |
|---|---|---|
| NONE | | |
| | | |

2

**4.    TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

**5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

**(a)    Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Payments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. The Plan may provide for the cure of arrearages to homeowner's and condominium associations and may, but need not, include the payment of postpetition assessments in the Plan Payments. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| 5611 | Pennymac Loan Services | 11553 Center Lake Dr., Windermere, FL 34786 | $1,730.56 | N/A | $46,153.93 |
| 7122 | Selene Finance | 11557 Center Lake Dr., Windermere, FL 34786 | $1,204.42 | N/A | $3,788.94 |
| 9540 | SN-Servicing Corporation | 121 Pemberton St., Philadelphia, PA 19147 | $2,879.15 | N/A | $5,578.30 |

**(b)**   **Claims Secured by Other Real Property that Debtor Intends to Retain - Mortgage, HOA and Condominium Association Payments, and Arrears, if any, Paid Through the Plan Under 11 U.S.C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by real property. Postpetition mortgage payments must be included in the Plan. Payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents. The Plan may provide for the cure of arrearages to homeowner's and condominium associations and may, but need not, include the payment of postpetition assessments in the Plan Payments. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Regular Monthly Payment | Gap Payment | Arrears |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**(c)**   **Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, the Plan Payments shall include the following adequate protection payments to the Trustee: (1) for homestead property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for non-homestead, income-producing property, 75% of the gross rental income generated from the property. If Debtor obtains a modification of the mortgage, the modified payments shall be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Address | Adequate Protection Payment |
|---|---|---|---|
| NONE | | | |
| | | | |

**(d)**   **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

| Last Four Digits of | Creditor | Collateral Description/ | Claim | Value | Payment Through | Interest |
|---|---|---|---|---|---|---|

| Acct. No. | | Address | Amount | | Plan | Rate |
|---|---|---|---|---|---|---|
| NONE | | | | | | |
| | | | | | | |

(e)    **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a nonpossessory, nonpurchase money security interest because it impairs an exemption or under § 506 to determine secured status and to strip a lien.

| Last Four Digits of Acct. No. | Creditor | Collateral Description / Address |
|---|---|---|
| NONE | | |
| | | |

(f)    **Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

(g)    **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**(h)    Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1325(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|---|
| NONE | | | | |

**(i)    Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and will continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Property/Collateral |
|---|---|---|
| NONE | | |

**(j)    Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
| | | |
| | | |

**(k)    Secured Claims that Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Because these secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor | Collateral Description/Address |
|---|---|---|
| NONE | | |

**6.** **LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

(a)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1325(b)(5).** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. Under 11 U.S.C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
|---|---|---|---|---|
| NONE | | | | |

(b)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated in rem as to Debtor and in rem and in personam as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
| | | |
| | | |

**(c)    Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral to be Surrendered |
|---|---|---|
| NONE | | |
| | | |

**7.    GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $_pro rata_____.

**D.    GENERAL PLAN PROVISIONS:**

1.    Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2.    Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3.    If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

(a)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

(b)    _____ shall vest in Debtor upon confirmation of the Plan.

4.    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5.    Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.  Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

E.  **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

SIGNATURE(S):

Debtor(s)

_____          Date 10/9/19

        FERNANDO ARIAS-MENDOZA             Date _____

Attorney for Debtor(s)

_____          Date 10/9/19

10

| Due Date 15TH | # | 19-06040 Arias-Mendoza 10/16/2019 Unsecured | (at) | Debtor Pmt | 10.0% Tee Fee | (at) | $2,843.00 ATTY | (at) | # 350 MONITORING FEE | (at) | Pennymac 1153 Center Lake Reg pymnt | (at) | Pennymac Arrs $46,153.93 | (at) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 60 | | 60 | | | | $2,843.00 | | | | | | $46,153.93 | |
| 10/16/2019 | 1 | $0.00 | | $7,000.00 | $700.00 | | $485.90 | | | | $1,730.53 | | | |
| 11/16/2019 | 2 | $0.00 | | $7,000.00 | $700.00 | | $485.90 | | | | $1,730.53 | | | |
| 12/16/2019 | 3 | $0.00 | | $7,000.00 | $700.00 | | $485.90 | | | | $1,730.53 | | | |
| 1/16/2020 | 4 | $0.00 | | $7,000.00 | $700.00 | | $485.90 | | | | $1,730.53 | | | |
| 2/16/2020 | 5 | $0.00 | | $7,000.00 | $700.00 | 5 at | $485.90 | 5 at | | | $1,730.53 | | | |
| 3/16/2020 | 6 | $0.00 | | $7,000.00 | $700.00 | 1 at | $413.50 | | $50.00 | | $1,730.53 | 1 at | $22.40 | |
| 4/16/2020 | 7 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 5/16/2020 | 8 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 6/16/2020 | 9 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 7/16/2020 | 10 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 8/16/2020 | 11 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 9/16/2020 | 12 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 10/16/2020 | 13 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 11/16/2020 | 14 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 12/16/2020 | 15 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 1/16/2021 | 16 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 2/16/2021 | 17 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 3/16/2021 | 18 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 4/16/2021 | 19 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 5/16/2021 | 20 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 6/16/2021 | 21 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 7/16/2021 | 22 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 8/16/2021 | 23 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 9/16/2021 | 24 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 10/16/2021 | 25 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 11/16/2021 | 26 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 12/16/2021 | 27 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 1/16/2022 | 28 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 2/16/2022 | 29 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 3/16/2022 | 30 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 4/16/2022 | 31 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 5/16/2022 | 32 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 6/16/2022 | 33 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 7/16/2022 | 34 | $0.00 | | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | | $260.90 | |
| 8/16/2022 | 35 | $0.00 | 35 at | $7,000.00 | $700.00 | | | | $50.00 | | $1,730.53 | 29 at | $260.90 | |
| 9/16/2022 | 36 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 10/16/2022 | 37 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 11/16/2022 | 38 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 12/16/2022 | 39 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 1/16/2023 | 40 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 2/16/2023 | 41 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 3/16/2023 | 42 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 4/16/2023 | 43 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 5/16/2023 | 44 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 6/16/2023 | 45 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 7/16/2023 | 46 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 8/16/2023 | 47 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 9/16/2023 | 48 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 10/16/2023 | 49 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 11/16/2023 | 50 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 12/16/2023 | 51 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 1/16/2024 | 52 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | $2,121.20 | |
| 2/16/2024 | 53 | $0.00 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | 18 at | $2,121.20 | |
| 3/16/2024 | 54 | $809.63 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | 1 at | $383.83 | |
| 4/16/2024 | 55 | $2,296.20 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | | |
| 5/16/2024 | 56 | $2,296.20 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | | |
| 6/16/2024 | 57 | $2,296.20 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | | |
| 7/16/2024 | 58 | $2,296.20 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | | |
| 8/16/2024 | 59 | $2,296.20 | | $9,067.00 | $906.70 | | | | $50.00 | | $1,730.53 | | | |
| 9/16/2024 | 60 | $2,296.20 | 25 at | $9,067.00 | $906.70 | 54 at | | 55 at | $50.00 | 60 at | $1,730.53 | 6 at | | |
| | | | | | | | | | | | | | | |
| | | $14,586.83 | | $471,675.00 | $47,167.50 | | $2,843.00 | | $2,750.00 | | $103,831.80 | | $46,153.93 | |
| | | $14,533.74 | | | | | ATTY | | Claim # 350 | | | | | |
| | | 100% | | | | | | | | | | | 46153.93 | |
| | | | | | | | $2,843.00 | | | | | | | |

| DUE DATE 15TH | | | Selene Finance 1157 Center Lake | | Selene Fianance Arrs | | SN-Servicing Corp 121 Pemberton | | SN-Servicing Corp Arrs | | Timeshare #6700 | | Timeshare #6702 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 60 | | | | $3,768.94 | | | | $5,878.80 | | | | | |
| 10/16/2019 | 1 | | $1,204.42 | | | | $2,879.15 | | | | 1 at Surrender | | 1 at Surrender | |
| 11/16/2019 | 2 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 12/16/2019 | 3 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 1/16/2020 | 4 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 2/16/2020 | 5 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 3/16/2020 | 6 | | $1,204.42 | 6 at | | | $2,879.15 | 6 at | | | | | | |
| 4/16/2020 | 7 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 5/16/2020 | 8 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 6/16/2020 | 9 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 7/16/2020 | 10 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 8/16/2020 | 11 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 9/16/2020 | 12 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 10/16/2020 | 13 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 11/16/2020 | 14 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 12/16/2020 | 15 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 1/16/2021 | 16 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 2/16/2021 | 17 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 3/16/2021 | 18 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 4/16/2021 | 19 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 5/16/2021 | 20 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 6/16/2021 | 21 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 7/16/2021 | 22 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 8/16/2021 | 23 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 9/16/2021 | 24 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 10/16/2021 | 25 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 11/16/2021 | 26 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 12/16/2021 | 27 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 1/16/2022 | 28 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 2/16/2022 | 29 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 3/16/2022 | 30 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 4/16/2022 | 31 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 5/16/2022 | 32 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 6/16/2022 | 33 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 7/16/2022 | 34 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 8/16/2022 | 35 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 9/16/2022 | 36 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 10/16/2022 | 37 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 11/16/2022 | 38 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 12/16/2022 | 39 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 1/16/2023 | 40 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 2/16/2023 | 41 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 3/16/2023 | 42 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 4/16/2023 | 43 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 5/16/2023 | 44 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 6/16/2023 | 45 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 7/16/2023 | 46 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 8/16/2023 | 47 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 9/16/2023 | 48 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 10/16/2023 | 49 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 11/16/2023 | 50 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 12/16/2023 | 51 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 1/16/2024 | 52 | | $1,204.42 | | $71.00 | | $2,879.15 | | $104.00 | | | | | |
| 2/16/2024 | 53 | | $1,204.42 | 47 at | $71.00 | | $2,879.15 | 47 at | $104.00 | | | | | |
| 3/16/2024 | 54 | | $1,204.42 | 1 at | $411.94 | | $2,879.15 | 1 at | $690.80 | | | | | |
| 4/16/2024 | 55 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 5/16/2024 | 56 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 6/16/2024 | 57 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 7/16/2024 | 58 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 8/16/2024 | 59 | | $1,204.42 | | | | $2,879.15 | | | | | | | |
| 9/16/2024 | 60 | 60 at | $1,204.42 | | | 60 at | $2,879.15 | | | | 59 at | | 59 at | | 60 at |
| | | | $72,265.20 | | $3,748.94 | | $172,749.00 | | $5,578.80 | | | | | |
| | | | | | 3788.94 | | | | 5578.80 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:
Fernando Arias-Mendoza

CASE NO.: 6:19-bk-06040-KSJ
Chapter 13

Debtor(s).

## CERTIFICATE OF SERVICE FOR CHAPTER 13 PLAN

COMES NOW, the undersigned counsel hereby certifies that copies of the Chapter 13

Plan have been furnished by regular U.S. Mail or electronically via ECF to Laurie K

Weatherford, PO Box 3450, Winter Park, FL 32790; United States Trustee, George C Young

Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801, Debtor

Fernando Arias-Mendoza 121 Pemberton St., Philadelphia, PA 19147; and to all parties on the

attached creditor matrix, this 14th of October, 2019.


By: /s/ Justin R. Clark
Justin R. Clark, Esq.
Florida Bar No. 829471
Justin Clark & Associates, PLLC
Attorney for Debtor
500 Winderley Place, Unit 100
Maitland, FL 32751
Tel: 321-282-1055
Fax: 321-282-1051
Email: jclark@youhavepower.com

11

Label Matrix for local noticing
113A-6
Case 6:19-bk-06040-KSJ
Middle District of Florida
Orlando
Mon Oct 14 15:57:13 EDT 2019

Fernando Arias-Mendoza
121 Pemberton St.
Philadelphia, PA 19147-3413

Wilmington Savings Fund Society
Robertson, Anschutz & Schneid, P.L.
6409 Congress Ave., Suite 100
Boca Raton, FL 33487-2853

American Heritage Federal Credit Union
Attn: Bankruptcy
2060 Red Lion Road
Philadelphia, PA 19115-1699

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Bank of America
4909 Savarese Circle
Fl1-908-01-50
Tampa, FL 33634-2413

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Citi/Sears
Citibank/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

Credit Management, LP
Attn: Bankruptcy
Po Box 118288
Carrollton, TX 75011-8288

Ditech Financial Llc
Po Box 6172
Rapid City, SD 57709-6172

Lake Burden S Master Communi
C/o Leland Mngmnt, Inc.
6972 Lake Glorida Blvd.
Orlando, FL 32809-3200

Mr. Cooper
Attn: Bankruptcy
Po Box 619098
Dallas, TX 75261-9098

Pennymac Loan Services
Corr Unit/Bankruptcy
Po Box 514387
Los Angeles, CA 90051-4387

(p)SN SERVICING CORPORATION
323 FIFTH ST
EUREKA CA 95501-0305

Selene Finance
Attn: Bankruptcy
Po Box 422039
Houston, TX 77242-4239

Sirote & Permutt, P.C.
1201 S. Orlando Ave.
Suite 430
Winter Park, FL 32789-7107

Sunrise Credit Services, Inc.
Attn: Bankruptcy
260 Airport Plaza
Farmingdale, NY 11735-4021

Svo Portfolio Services
Attn: Loan Servicing Administration
9002 San March Court
Orlando, FL 32819-8600

Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/TJX
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/TJX
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Laurie K Weatherford +
Post Office Box 3450
Winter Park, FL 32790-3450

United States Trustee - ORL7/13 7+
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Justin R Clark +
Attorneys Justin Clark & Associates PLLC
500 Winderley Place, Suite 100
Maitland, FL 32751-7406

Keith Scott Labell +
Robertson, Anschutz, & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance<br>Attn: Bankruptcy<br>Po Box 168088<br>Irving, TX 75016 | Bank of America<br>Attn: Bankruptcy<br>Po Box 982238<br>El Paso, TX 79998 | SN-Servicing Corporation<br>323 5th St.<br>Eureka, CA 95501 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Karen S. Jennemann<br>Orlando | End of Label Matrix<br>Mailable recipients   27<br>Bypassed recipients    1<br>Total   28 | |